HOP SING CO. *vs.* KAM ON and J. S. McGREW.

APPEAL FROM DECREE OF PRESTON, J.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNAN-
DER, J., absent.

McG. demised to A. certain rice lands and fishing rights. A. assigned
said lease and premises with some other chattels to K. K. as-
signed to Y. by way of mortgage to secure $1000 with interest
payable in one year, and gave Y. a charge upon the then growing
crop. Y. advanced K. certain further sums, and received and sold
the crops grown, and then assigned the mortgage to the plaintiffs.
McG. granted to A. another lease of the same lands to commence
on the expiration of the previous lease. K. afterwards by an in-
strument in writing, which the Court held to be an assignment of
his equity of redemption, professed to surrender and cancel both
leases, and McG. entered into possession, claiming to be a pur-
chaser, without notice of the mortgage, or as a landlord having
entered for a forfeiture for non-payment of rent.

Held, affirming decree appealed from, and on a rehearing, that the
mortgage did not cover advances made after the expiration of one
year; that an account be taken; and that in default of payment by
K. the right of redemption be barred and the property sold, the
proceeds of the property included in the mortgage, but not in the
lease, to be first applied in satisfaction of debt.

DECISION OF PRESTON, J., APPEALED FROM.

The complainants, Ating (otherwise known as Atini and
Akini), Alang and Ho Look, co-partners under the name, style
and firm of Hop Sing Company, allege that on the 16th of
August, 1881, the defendant McGrew demised to the com-
plainant Ating certain rice lands and fishing rights at Kalawao,
in the district of Ewa, for a term of six years. That on the
13th of August, 1883, the complainant Ating assigned said
lease and premises to the defendant Kam On, who is still in
occupation as servant to the defendant McGrew. That on the
11th October, 1883, the defendant Kam On assigned the said

leasehold premises (with other property, by way of mortgage,) to one Ho Yeng to secure certain sums theretofore advanced by said Ho Yeng to the defendant Kam On, as well as to secure to the said Ho Yeng and his assigns the handling and control of the crops of rice raised by said defendant Kam On on the lands comprised in the mortgage. This deed was recorded on the 29th day of October, 1883. That Kam On made default in payment of the moneys secured by said mortgage, and that said indebtedness is still unpaid. That on 7th August, 1886, said Ho Yeng conveyed to the complainants all his rights and interest in, to and under said mortgage. That said premises comprised in the lease to Ating are occupied by Kam On, under and by authority of said McGrew, under the pretense by McGrew that said lease had become forfeited by non-payment of the rent thereby stipulated. That complainants have demanded from the defendants possession of the said premises, but the defendants refuse to surrender same. That defendant McGrew asserts that the sum of two hundred and thirty dollars is due to him for rent of said premises for the period prior to August 16th last past; but complainants deny such to be the fact, and aver a tender of the amount due on 16th August for the ensuing half year. That said Ho Yeng, under terms of said mortgage, received and sold the crops of rice grown on the lands comprised in said mortgage, and made advances to said Kam On, and that at the date of the assignment of said mortgage there was due to said Ho Yeng $964.47.

The bill prays that an account be taken of the rent due, and upon payment thereof the complainants be decreed to have possession of the premises ; or that an account be taken of what is due in respect of said mortgage, and that on default in payment the premises may be sold, and the usual order in foreclosure suits and for general relief.

The defendant Kam On failed to answer, and the bill was taken *pro confesso* as against him.

The defendant McGrew by his answer admits the making of the lease and the assignment of the mortgage to the com-

plainants, but denies, and puts complainants upon the proof of, all the other allegations in the bill.

At the hearing the following documentary evidence was introduced by the complainants:

Lease, J. S. McGrew to Ating.   (Exhibit A).

Assignment of same to Kam On.   (Exhibit D.)

Assignment of partnership interest, Ho Hang to Kam On. (Exhibit G.)

Mortgage, Kam On to Ho Yeng.   (Exhibit B.)

Transfer of mortgage, Ho Yeng to complainants. (Exhibit E.)

The following is a translation of the mortgage: "I, Kam Ona (ch.), of Kalawao, Ewa, Island of Oahu, bind over (or mortgage) all my leased lands described in an instrument executed Dec. 4, '82, and also in an instrument executed Aug. 13. '83, together with all the houses, pigs, chickens, ducks, horses, cattle and rice now growing upon said leased lands; also all the leases and deeds (before) in possession of Ho Yeng by way of mortgage as security that I pay him what I owe him, to wit: the sum of $1000, for the period of one year from Oct. 11, '83, to Oct. 10, '84, with interest one per cent. per month.   And I bind myself to pay said principal of $1000, with the interest, $120, out of all the rice on said lands, that is, out of all the present rice crop now growing, which is under mortgage; also, that I deliver said rice to Ho Yeng till the end of the year above mentioned without selling the same to anyone else until my debt to Ho Yeng shall have been paid.   In case that I sell the rice to anyone else, Ho Yeng, his heirs and assigns, are hereby authorized, according to law, to seize upon the rice wrongfully disposed of by me in contravention of the provisions of this instrument. Further, if at the end of the period of this mortgage deed, my debt shall not have been satisfied, said Ho Yeng is hereby authorized to dispose of the remaining terms of lease, as well as all other property enumerated in said instruments in satisfaction of my said debt to him.   Provided, that if I truly pay the same in the specified time, this instrument shall be void and become of no effect."

Ho Yeng, professing to act under the terms of this mortgage, advanced to the mortgagor from time to time until the 15th July, 1886, sums of money, and received and sold the crops of rice grown on the mortgaged premises, and claimed that on the date of the transfer of the mortgage by him to the complainants the sum of $926.44 was due on account thereof.

The defendant McGrew introduced in evidence a lease, dated the 24th March, 1885, whereby he demised to the defendant Kam On the premises comprised in the former lease for a term of six years from the 16th day of August, 1887, (the date of the expiration of such former lease).

On this lease this deed is endorsed. "Know all men by these presents that the foregoing indenture of lease made by and between John S. McGrew of the one part and Kam On of the other part, and the term therein granted, is hereby canceled and made void for non-payment of rent, and possession is hereby restored to the lessor, without prejudice, however, against any collection by distress or otherwise of all rents now unpaid and owing from the within named Kam On to said John S. McGrew by virtue of and under the lease of and term in the same premises granted to Ating, dated August 16, 1881, and by said Ating assigned to the said Kam On, and the last mentioned lease ; and the terms thereby granted are for the same reasons and consideration hereby canceled and made void. In witness whereof the said parties have hereto set their hands and seals, this 12th day of July, A. D. 1886.

"Kam On, [Seal].
"John S. McGrew, [Seal].
"Acknowledged before W. A. Whiting, July 12, 1886."

The defendant McGrew claimed that by virtue of this last mentioned deed, he was entitled to the possession of the demised premises against the complainants, either as a purchaser for value, without notice of the mortgage, or as landlord having entered for a forfeiture by non-payment of rent. He also claimed that the complainants ought not, as against him, recover

any moneys advanced professedly under the mortgage, after the expiration of the one year mentioned therein, and that all moneys thereafter received by Ho Yeng from the sale of rice on account of Kam On should be in reduction of the mortgage debt.

I am of opinion that the mortgage having been duly recorded, the defendant McGrew must be held to have had notice thereof. I am also of opinion that the so-called surrender of the 12th day of July, 1886, is an assignment of the defendant Kam On's equity of redemption in the lands comprised in the lease, and consequently that the defendant McGrew holds the same subject to the mortgage; and that the crop harvested since the commencement of this suit, and the subject of the interlocutory injunction granted herein, is also subject to the mortgage.

I am also of opinion that the mortgage does not cover advances made subsequent to the 1st day of October, 1884, but that the defendant McGrew is not entitled to have the amounts received by Ho Yeng subsequent to that date, from the sales of rice, applied in satisfaction of the mortgage debt.

Being therefore of opinion that the defendant McGrew cannot be considered to be in possession under the alleged forfeiture for non-payment of rent, the question as to whether a sufficient tender of or offer to pay the amount alleged to be due, does not arise.

I therefore find that the complainants are entitled to relief under their bill, and order and adjudge as follows:

That an account be taken of what was due to Ho Yeng on account of principal and interest accrued by virtue of the said mortgage, on the 1st day of October, 1884, and that the said defendant Kam On be decreed to pay the same to the complainants with interest thereon at the rate of nine per cent. per annum, up to the time of taking such account, and that the said Kam On do pay the amount found to be due within seven days from the date of the confirmation of the master's report, and in default of such payment, the right or equity of redemption of all parties in the premises comprised in said mortgage

be forever barred, and the said property, including the crop harvested, be sold at public auction, and the proceeds be applied in and towards satisfaction of the amount so found to be due, provided that if sufficient to pay the said amount be realized from the sale of the mortgaged property not comprised in the lease from the defendant McGrew, of the 16th August, 1881, to satisfy the said amount, the property comprised in the said lease, and the said crop, and the proceeds thereof, shall be discharged from the said mortgage and from all claims thereunder.

I reserve further direction and costs : parties to be at liberty to apply as they may be advised.

---

OPINION OF THE COURT, BY JUDD, C.J.

Having heard the arguments of counsel and examined the pleadings in the case, we are of opinion that the opinion of Mr. Justice Preston, rendered on the 18th January, 1887, appealed from, should be sustained, and we hereby adopt and affirm the same.

In addition we wish to say that Ating, the original lessee of Dr. McGrew, having assigned the lease to Kam On, and Kam On having mortgaged the term to Ho Yeng, and Ho Yeng having assigned the mortgage debt and security to Hop Sing, (the plaintiff) the term is still outstanding, the lease not having expired, and Hop Sing is entitled to have his mortgage foreclosed.

The so-called " surrender " taken by Dr. McGrew from Kam On, on the 12th July, 1886, cannot be held to be a surrender of the leasehold, or a forfeiture of the lease for the non-payment of rent.

Kam On had assigned the lease of 1881, by way of mortgage.

His only remaining interest in it, therefore, was the equity of redemption. This was all, if anything, that passed to McGrew, by the instrument of July 12, 1886, for this was all Kam On had.

The lessee's interest in the lease was then held by Hop Sing.

There was no merger of the term with the freehold in McGrew, for there was an equity intervening—the mortgage held by Hop Sing.

McGrew having taken possession, there is no rent accruing to him thereafter, for the lessor cannot have his land and rent for it as well.

But as to any arrears of rent, prior to the taking possession by McGrew, this should be paid by the mortgagee, who, as the assignee of the lessee, would be liable for it.

For if a mortgagee has had the lease assigned to him as a security merely, he is held to be seized of the legal estate, and is liable as assignee, whether in possession or not. Taylor's Landlord and Tenant, Section 455, and cases cited.

But as we understand the evidence, Dr. McGrew has taken notes from Kam On for the rent accruing prior to his taking possession. This would preclude him from claiming it from the mortgagee.

Decree affirmed.

*Ashford & Ashford*, for plaintiff.

*F. M. Hatch* and *P. Neumann*, for defendant.

---

### Decision of the Court, on Motion for Re-hearing, by Judd, C.J.

While re-affirming the views of the Court as expressed in *Kenway vs. Notley*, 5 Hawn., 129, in regard to the right of parties to have a case re-heard, we have deemed it proper to make a few observations in regard to this case. The rule of law, as we understand it, is that the taking of notes for rent does not necessarily extinguish the claim or bar the remedy by distress, yet where the circumstances show that it was intended by the parties that the note should be taken as absolute payment of the rent, then the landlord's only remedy is upon the note.

Without discussing this question further, we think a modification of the decree ordering that McGrew be paid his back

rent from the mortgagee, Hop Sing, would avail him nothing. For the payment of rent by the mortgagee would be for the purpose of keeping the security on the lease alive, and he would be authorized to charge it to the mortgage-debt and recover it of the assignee of the mortgagor from the proceeds of the sale on the foreclosure. To avoid circuity of action, all the parties being before the Court, no rent therefore should be allowed McGrew, for the Court will not order Hop Sing to pay it merely to have McGrew pay it back to him.

Mr. Hatch, for Dr. McGrew, further says: "Upon the point whether or not the waiver of the right to have demand made for rent, as contained in plaintiff's lease, affects the question of forfeiture. Defendant asks to be heard on this point for the reason that the same has not been decided by the Court, though presented and relied upon by counsel."

From the view taken by the Court of the document called a "surrender," dated the 12th July, 1886, it was unnecessary to decide whether a demand for rent was essential to complete the forfeiture. We have considered the document as effecting not a forfeiture, but as being a purchase of the equity of redemption. We call attention to the fact that the answer does not set up a title by forfeiture, but merely alleges that defendant is rightfully in possession as against the plaintiff.

The defendant's counsel urge further: "The crop put in by McGrew, after taking possession in July, was harvested in December, 1886. The decree gives this to plaintiffs. If defendant McGrew is disallowed rent after he took possession, on the theory that he has had the use and enjoyment of his land, how can the crop, the fruit of that possession, be given to plaintiffs? If, on the other hand, plaintiffs are to be allowed the crop, as if they made the advances and cultivated it, why should they not be held to pay rent? If the crop goes to the plaintiffs, the reference to the Master should cover the expenses of cultivation."

We would remark that the plaintiff (mortgagee) does not get the crop by virtue of making the advances, but he is to be

allowed so much of it as will discharge his mortgage which created a lien upon the crop.

The defendant, McGrew, being in possession under the lease, and not as landlord under a forfeiture, cultivated the land for the mutual benefit of the mortgagee and mortgagor in order to enhance the value of the mortgage security. Certainly if the crop was not kept in good condition, the value of the security and its ability to discharge the mortgage would diminish; and it was for the interest of the mortgagor that this should not take place, for if the crop did not pay the mortgage debt, the mortgagor would have to make it good.

Upon a review of the whole case, we see no reason to modify the decree.